## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| HATTIE GILBERT, | ) | CASE NO. 4:15 CV 1153 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| RONETTE BURKES, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is Hattie Gilbert's *pro se* petition for a writ of habeas corpus under to 28 U.S.C. § 2254.[2]  Respondent Warden Ronnie Burkes has moved to dismiss the case as procedurally defaulted in part and non-cognizable in part.[3]  Gilbert has not responded to this motion.

For the reasons that follow, I recommend that the District Judge grant Burkes' motion and dismiss the petition.

---

[1] The matter was referred to me by United States District Judge Benita Y. Pearson under Local Civil Rule 72.2 in a non-document order entered on June 22, 2015.

[2] ECF # 1-2.

[3] ECF # 11.

# Facts

## A.    Underlying facts, trial and sentence

The facts relevant to adjudication of the pending motion can be simply stated and were found by the state appeals court on its review of the record.[4]

On March 24, 2008 Joseph Kaluza was robbed and shot while on his way to the bank to make a deposit on behalf of his employer.[5] The facts showed that on his way to the bank, a car driven by Gilbert stopped suddenly in front of Kaluza's car, deliberately causing an accident.[6] With Kaluza's car now immobile, a man then came up behind that vehicle on the driver's side and shot Kaluza in the neck, instantly paralyzing him.[7] The gunman thereupon took the deposit money (totaling just $300), pushed Kaluza's car to a secluded spot, and threatened to shoot him again, before running off on foot.[8] The police investigation led to the Gilbert's arrest and to the arrest of Taran Helms as the gunman.[9]

Gilbert was originally charged, along with Helms, with one count of attempted murder, one count of felonious assault, and one count of aggravated robbery, with firearm

---

[4] ECF # 11, Attachment (state court record), at 287.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

specifications as to all counts.[10] A superceding indictment re-indicted Gilbert on all the previous charges, but added one count of kidnapping with a firearm specification.[11]

After various pre-trial motions, the matter proceeded to a jury trial in which Gilbert was convicted on all counts.[12] On September 23, 2008, she was then sentenced by the trial court to an aggregate term of fifty years in prison.[13]

## B.    Direct appeals

## 1.    *Ohio court of appeals*

On October 15, 2008, Gilbert, through different counsel,[14] timely[15]appealed from her conviction and sentence.[16] In her brief, Gilbert asserted the following eight assignments of error:[17]

> 1.    The trial court committed reversible error when it sentenced Ms. Gilbert to multiple sentences for allied offenses of similar import

---

[10] *Id*. at 1.

[11] *Id*. at 4.

[12] *Id*. at 110.

[13] *Id*. at 112.

[14] Gilbert was represented here by the Office of the Ohio Public Defender.

[15]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Because Gilbert's October 15th notice of appeal was filed within 30 days of the trial court's final entry of the sentence on September 23, it was timely.

[16] ECF # 11, Attachment at 117-18.

[17] *Id*. at 120-23.

committed with a single animus, and failed to merge the firearm specifications regarding all counts in the indictment, in violation of R.C. 2941.25, and in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Sept. 26, 2008, Sentencing Entry; Sept. 23, 2008, Sentencing Memorandum).

Issue Presented for Review:

*Did the trial court commit reversible error when it sentenced Ms. Gilbert to multiple sentences for allied offenses of similar import committed with a single animus, and failed to merge the firearm specifications regarding all counts of the indictment?*

2.  The trial court committed plain error when it failed to provide the jury with an augmented instruction regarding its duty to unanimously find Ms. Gilbert guilty of the offenses alleged in the indictment based on a particular set of facts for each alleged crime, in violation of Ms. Gilberts's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Tr. 2279-2320).

Issue Presented for Review:

*Did the trial court commit plain error when it failed to effectively guide the jury regarding the jury's duty to find Ms. Gilbert guilty of the crimes charged in the indictment only if the jury unanimously agreed that a distinct set of facts supported each respective count?*

3.  The trial court violated Ms. Gilbert's rights to due process and a fair trial when, in the absence of sufficient evidence, the trial court convicted Ms. Gilbert of complicity to attempted murder with firearm specification, and complicity to felonious assault with firearm specification, in violation of Ms. Gilbert's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Sept. 26, 2008, Sentencing Entry; Tr. 1558-59, 1604-17, 1666-67, 1828-33, 2179-83, 2189-90, 2221).

Issue Presented for Review:

*Did the trial court commit reversible error when it convicted Ms. Gilbert of complicity to attempted murder with firearm specification, and complicity to felonious assault with firearm specification, when the evidence against Ms. Gilbert was insufficient to prove every element of the offenses beyond a reasonable doubt?*

4.      The trial court committed reversible error when it admitted Ms. Gilbert's statements into evidence against her at trial, in violation of Ms. Gilbert's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Aug. 8, 2008, Motion to Suppress; Aug. 22, 2008, Suppression Hearing Tr.; Aug. 28, 2008, Judgment Entry; Miranda Waiver, Aug. 22, 2008,  Suppression Hearing Tr., Ex.1; Hattie Gilbert Interview DVD, Aug. 22, 2008, Suppression Hearing Tr., Ex. 2; Tr. 1731-45, 1828-33).

Issue Presented for Review:

*Did the trial court commit reversible error when it admitted Ms. Gilbert's unwarned statements into evidence at trial, when Ms. Gibert was in constructive custody when her unwarned statements were procured by the police, and did the trial court commit plain error when it admitted Ms. Gilbert's statements to the police into evidence at trial, when Ms. Gilbert, after receiving Miranda warnings and waiving her constitutional right to remain silent, stated that she no longer wished to answer the investigating officers' questions?*

5.      Ms. Gilbert was denied her right to confront the evidence against her at trial, in violation of her Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Tr. 1936-37, 1945-53).

Issues Presented for Review:

*Was Ms. Gilbert prejudicially denied her right to confront the evidence against her at trial, when Ms. Gilbert's codefendant's extrajudicial statements, which implicated Ms. Gilbert's further involvement in the alleged crimes, were introduced into evidence through the testimony of Ms. Gilbert's codefendant's ex-fiancé?*

6.      The trial court abused its discretion and denied Ms. Gilbert her right to a fair trial by an impartial jury when it overruled her motion for a change of venue, in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Sept. 11, 2008, Motion to Join Motion to Change of Venue; Sept. 15, 2008, Judgment Entry; Sept. 17, 2008, Verdict Forms; Tr. 40-1167, 1265-67, 1276-77, 1407-12, 1420-22, 1434-36, 1438-41, 1460).

Issue Presented for Review:

*Did the trial court abuse its discretion and deny Ms. Gilbert as fair trial by an impartial jury when it denied Ms. Gilbert's motion for change of venue, despite the fact that there was extensive pretrial publicity in Ms. Gilbert's case that resulted in the impaneling of a jury that was unfit to hear her case?*

7.      The trial court abused its discretion when it sentenced Ms. Gilbert to maximum, consecutive terms of imprisonment on all counts in the indictment, in violation of Ohio Revised Code Sections 2929.11 and 2929.12, and in violation of Ms. Gilbert's rights under the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution. (Sept. 26, 2008, Sentencing Entry; Sentencing Tr. 10-11, 14).

Issue Presented for Review:

*Was the trial court's imposition of maximum, consecutive sentences regarding all counts in the indictment in violation of Ohio statutory law regarding the purposes of felony sentencing, and in violation of Ms. Gilbert's rights under the United States and Ohio Constitutions?*

8.      Defense counsel rendered ineffective assistance of counsel in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Hattie Gilbert Interview DVD, Aug. 22, 2008, Suppression Hearing Tr., Ex. 2; Tr. 1828-33, 1947-53, 1976).

-6-

Issue Presented for Review:

*Did trial counsel act in an objectively unreasonable manner, provide deficient performance, and prejudice Ms. Gilbert's trial when he failed to object to the introduction of Ms. Gilbert's statements to the police, which were made after Ms. Gilbert invoked her right to remain silent, and did trial counsel act in an objectively unreasonable manner, provide deficient performance, and prejudice Ms. Gilbert's trial when he failed to object to the inculpatory testimony of State Witness Ashlinn Sykes?*

The State filed a responsive brief,[18] to which Gilbert replied.[19] Gilbert later supplemented her original brief with an additional assignment of error:

1.  The trial court committed reversible error when it sentenced Ms. Gilbert to multiple sentences for allied offenses of similar import committed with a single animus, and failed to merge the firearm specifications regarding all counts in the indictment in violation of R.C. 2941.25, and in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution. (Aug. 28, 2008, Bill of Particulars; Sept 23, 2008, Sentencing Memorandum; Sept. 26, 2008, Sentencing Entry; Apr. 22, 2009, Merit Brief; May 27, 2009, Answer Brief; June 10, 2009, Reply Brief; Tr. 1604-39, 2220-22).

    Issue Presented for Review:

    *Did the trial court commit reversible error when it sentenced Ms. Gilbert to multiple sentences for allied offenses of similar import committed with a single animus, and failed to merge the firearm specification regarding all the counts in the indictment?*[20]

---

[18] *Id*. at 193.

[19] *Id*. at 247.

[20] *Id*. at 269.

-7-

The State again filed a responsive brief,[21] as well as notices of supplemental authorities.[22] On March 20, 2012, the Ohio appeals court affirmed the judgment of the trial court in all respects except as to the treatment of the four firearms specifications, which, on remand, the trial court was directed to merge into a single specification.[23]

On March 29, 2012, Gilbert, once again through the Ohio Public Defender's Office, timely moved the appeals court under Ohio Appellate Rule 26(A)[24] to reconsider its earlier decision.[25] In the brief in support, she raised four assignments of error:

1.    Under the facts of Ms. Gilbert's case, her conviction for attempted murder and felonious assault were allied offenses of similar import committed with a single animus. This Court must reconsider its holding to the contrary and correct that error.[26]

2.    This Court violated Ms. Gilbert's Sixth Amendment and due process rights when it held that Ms. Gilbert could be convicted and sentenced for felonious assault based on Mr. Helms's threat to shoot the victim in the head.  That conduct was not indicted as a felonious assault, was not alleged in the bill of particulars to have been felonious assault, was not

---

[21] *Id*. at 282. (As noted by the State, this location in the record is a placeholder for the actual brief which has not yet been filed).

[22] *Id.* at 283. (As noted by the State, this location in the brief is a placeholder for the actual notice of supplemental authority which has not yet been filed).

[23] *Id*. at 284-330.

[24] Ohio App. Rule 26(A) permits an application for reconsideration on "any cause" to be filed within 10 days of when the clerk has both mailed the parties a copy of the decision and also entered that decision on the docket. Gilbert's March 29 filing for reconsideration was within 10 days of when the clerk mailed the March 20 decision to the parties, as well as the March 23 date when that decision was docketed. *See, id.* at 332.

[25] *Id*. at 331.

[26] *Id*. at 332.

argued by the State to have been felonious assault, was not determined by the jury to have been felonious assault, and the trial court specifically acknowledged that the felonious assault was based on the single gunshot to the victim's neck.[27]

3.    In any event, there was insufficient evidence brought forth at Ms. Gilbert's trial to convict her of felonious assault under R.C. 2903.11(A)(2) based on Mr. Helms's threat to shoot the victim in the head.[28]

4.    The law-of-the-case doctrine and principles of due process precluded this Court from reaching a decision in Ms. Gilbert's case which was different from that which this Court reached in *Helms I*.[29]

After Gilbert filed additional authorities,[30] the State responded to the application,[31] together with its own filing of supplemental authorities.[32]

On October 23, 2012, the Ohio appeals court denied Gilbert's application for reconsideration.[33]

## 2.    *Supreme Court of Ohio*

On December 13, 2013, Gilbert, through another attorney in the Office of the Ohio Public Defender, timely appealed from the March 20, 2012 decision of the Ohio appeals

---

[27] *Id*. at 337.

[28] *Id*. at 342.

[29] *Id*. at 346.

[30] *Id*. at 351.

[31] *Id*. at 353.

[32] *Id*. at 363.

[33] *Id*. at 365.

court, which had been reaffirmed by the October 23, 2012 denial of the motion to reconsider.[34] In the memorandum in support of jurisdiction, Gilbert, asserted a single proposition of law:

> 1.  The State is judicially estopped from asserting inconsistent and contradictory theories of a case to circumvent the doctrine of merger under R.C. 2941.25 and impede a Defendant's right for a meaningful opportunity to present a complete defense. Sixth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution.[35]

The State filed a memorandum in response.[36] On March 12, 2014, the Supreme Court of Ohio declined to accept jurisdiction, thereby dismissing the appeal.[37] The record does not show that Gilbert then sought a writ of certiorari from the United States Supreme Court.

## C.    Re-sentencing

Under the remand and mandate, on July 11, 2014, the trial court merged the firearm specifications into a single specification and then re-sentenced Gilbert to an aggregate term of 41 years in prison.[38] The record does not show that any appeals were taken from this decision.

---

[34] *Id*. at 374. The notice of appeal was filed within 45 days of the denial of the motion to reconsider, thus making it timely. *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).

[35] ECF # 11, Attachment at 378.

[36] *Id*. at 445.

[37] *Id*. at 462.

[38] *Id*. at 463-64.

**D.      Federal habeas petition**

On June 3, 2015, Gilbert, *pro se*, timely[39] placed the current petition for federal habeas relief into the prison mail system, resulting in the filing of the petition in this Court on June 8, 2015.[40] In her petition, she asserts eight  grounds for relief:

> GROUND ONE:    The trial court committed reversible error when it sentenced Ms. Gilbert to multiple sentences for allied offenses of similar import committed with a single animus, and failed to merge the firearm specifications regarding all counts in the indictment, in violation of R.C. 2941.25, and in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and sections 10 and 16, Article I of the Ohio Constitution.[41]

> GROUND TWO:    The trial court committed plain error when it failed to provide the jury with an augmented instruction regarding its duty to unanimously find Ms. Gilbert guilty of the offenses alleged in the indictment based on a particular set of facts for each alleged crime, in violation of Ms. Gilbert's Fifth, Sixth, and Fourteenth Amendment rights

---

[39] As the State observes, Gilbert's direct appeal concluded on March 12, 2014 when the Ohio Supreme Court declined to accept jurisdiction over her appeal. Although she did not then seek a writ of certiorari from the United States Supreme Court, her one-year period for filing a habeas petition is extended by 90 days from the date her direct appeal concluded whether or not she sought a writ of certiorari from the United States Supreme Court. *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012). Thus, because Gilbert had until June 11, 2014 to seek review in the United States Supreme Court, the placement of her petition in the prison mail system on June 3, 2014 made it timely under the one-year period established in 28 U.S.C. § 2244(d)(1)(A), as construed in *Gonzalez*.

[40] ECF # 1-2.

[41] *Id*. at 12.

Under the United States Constitution, and section 10 and 16, Article I of the Ohio Constitution.[42]

GROUND THREE: The trial court violated Ms. Gilbert's rights to due process and a fair trial when, in the absence of sufficient evidence, the trial court convicted Ms. Gilbert of complicity to attempted murder with firearm specification, and complicity to felonious assault with firearm specification, in violation of Ms. Gilbert's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and section 10 and 16, Article I of the Ohio Constitution.[43]

GROUND FOUR: The trial court committed reversible error when it admitted Ms. Gilbert's statements into evidence against her at trial, in violation of Ms. Gilbert's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and section 10 and 16, Article I of the Ohio Constitution.[44]

GROUND FIVE: Ms. Gilbert was denied her right to confront evidence against her at trial, in violation of her Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and section 10 an 16, Article I of the Ohio Constitution.[45]

GROUND SIX: The trial court abused its discretion and denied Ms. Gilbert her right to a fair trial by an impartial jury when it overruled her motion to change venue, in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendment rights under the United States

---

[42] *Id* at 12-13.

[43] *Id*. at 13.

[44] *Id*.

[45] *Id*. at 14.

-12-

Constitution, and section 10 and 16, Article I of the Ohio Constitution.[46]

GROUND SEVEN: The trial court abused its discretion when it sentenced Ms. Gilbert to maximum, consecutive terms of imprisonment on all counts in the indictment, in violation of the Ohio Revised Code Sections 2929.11 and 2929.12, and in violation of Ms. Gilbert's rights under the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution.[47]

GROUND EIGHT: Defense counsel rendered ineffective assistance of counsel in violation of Ms. Gilbert's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and section 10 and 16, Article I of the Ohio Constitution.

The State has filed a return of the writ arguing that all grounds with the exception of ground one, which deals with the sentence, are procedurally defaulted for not having been raised to the Ohio Supreme Court, and that ground one, to the extent that it addresses sentencing for allied offenses of similar import, should be dismissed as raising a non-cognizable state law claim. The other element of ground one  - a claim that the trial court erred by not merging the four firearms specifications - should be dismissed as moot since the court did merge the multiple firearms specifications into a single specification at re-sentencing.

Gilbert has not filed a traverse.

---

[46] *Id*.

[47] *Id*. at 15.

# Analysis

## A.  Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.  There is no dispute that Gilbert is currently in state custody as a result of her conviction and sentence by an Ohio court, and that she was so incarcerated at the time she filed this petition.[48] Thus, Gilbert meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[49]

2.  There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[50]

3.  In addition, Gilbert states,[51] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[52]

4.  Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[53]

---

[48] Ohio Department of Corrections www.drc.ohio.gov/offendersearch.

[49] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[50] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[51] ECF # 1-2 at 8.

[52] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[53] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

-14-

5.      Finally, Gilbert has not requested the appointment of counsel,[54] nor has she requested an evidentiary hearing to develop the factual bases of her claims.[55]

## B.    Standards of review

### 1.    *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[56]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[57]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[58]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[59] presenting his or her claim to "*each* appropriate state court."[60]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[61]

---

[54] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[55] 28 U.S.C. § 2254(e)(2).

[56] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[57] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[58] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[59] *Boerckel*, 526 U.S. at 845.

[60] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[61] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[62]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[63]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[64]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[65]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[66] that is both 'firmly established and regularly followed.'"[67]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[68]

---

[62]  *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[63]  *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[64]  *Id.* (citing *Maupin*, 785 F.2d at 138).

[65]  *Id.*

[66]  *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[67]  *Id.* (citation omitted).

[68]  *Id.* (quoting *Coleman*, 501 U.S. at 750).

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[69] In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[70]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[71]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[72]

## 2.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[73] Accordingly, to the extent a petitioner claims that his

---

[69] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[70] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[71] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[72] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[73] 28 U.S.C. § 2254(a).

custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[74] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[75]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[76] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[77] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[78]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[79] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[80] and may not second-guess a state court's interpretation of

---

[74] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[75] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[76] *Estelle*, 502 U.S. at 67-68.

[77] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[78] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[79] *Id.*

[80] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

its own procedural rules.[81] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[82] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[83]

## C.    Application of standards

### 1.    *All grounds for relief except ground one should be dismissed as procedurally defaulted.*

As detailed above, ground one has two elements: a claim that the trial court erred by sentencing Gilbert to multiple sentences for allied offenses of similar import, and a claim that the court erred by not merging the multiple firearms specifications into one. Both elements of this ground were presented to the Ohio appeals court[84] and then to the Supreme Court of Ohio[85] on direct appeal.

But, as also noted above, Gilbert raised only one proposition of law to the Ohio Supreme Court. That proposition, which addressed the sentence as both a purported violation of rule regarding the allied offenses of similar import and the merger doctrine, did not include any of the other grounds for relief asserted here. In fact, the sole ground for relief

---

[81] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[82] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[83] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[84] ECF # 11, Attachment at 120.

[85] *Id*. at 269.

raised to the Supreme Court of Ohio plainly omitted the remaining seven assignments of error previously asserted to the Ohio appeals court in direct appeal.

By so failing to afford the Ohio courts an opportunity to consider those additional seven claims through one complete round of the state's established appellate review process, Gilbert has procedurally defaulted those claims before this Court.[86] As the State observes, Ohio's *res judicata* rule would now preclude any consideration of claims that could have been presented to the Ohio Supreme Court on direct appeal, but were not.[87]  Further, Ohio's *res judicata* rule is an adequate and independent state procedural rule, which is regularly applied by Ohio courts, a violation of which may support a finding of procedural default by the federal habeas court.[88]

Gilbert has not shown cause for the procedural default, nor demonstrated any prejudice as delineated in the case authority, such as together would excuse the default. Moreover, she has not made a showing of actual innocence.[89]

---

[86] *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999).

[87] *Williams v. Bagley,* 380 F.3d 932, 967 (6th Cir. 2004)(citation omitted).

[88] *Id*. (citations omitted).

[89] The State further points out that because Gilbert was not entitled to counsel before the Supreme Court of Ohio, she could not here attempt to excuse the procedural default on grounds of ineffective assistance of counsel. *See*, ECF # 11 at 31 (citing *Wainwright v. Torna*, 455 U.S. 586, 587 (1982).

Accordingly, for the reasons stated above, I recommend finding that all grounds but ground one of the present petition have been procedurally defaulted and so should here be dismissed.

2.   ***That portion of ground one seeking relief for a purported failure of the trial court to merge the multiple firearms specifications should be dismissed as moot.***

As discussed above, one element of ground one concerns an alleged failure of the trial court to merge the multiple firearms specifications of the original conviction and sentence into one. But, the Ohio appeals court specifically ordered such a merger in remanding the matter to the trial court for re-sentencing, and the trial court complied with that order in re-sentencing Gilbert.

The portion of ground one seeking relief for a failure to merge the multiple firearms specifications should be dismissed as moot.

3.   ***That portion of ground one seeking relief on the grounds that she improperly received multiple sentences for offenses of allied or similar import should be denied as stating a non-cognizable state law claim.***

The remaining portion of ground one argues that Gilbert's sentence violates the Double Jeopardy Clause because the offenses involves are allied offenses of similar import under Ohio law.

This claim is not cognizable here. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."[90] In that regard, the

---

[90] *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

-21-

Supreme Court has stated that in determining if the legislature intended multiple punishments, the general test for determining if there is one offense or two is whether each provision of one offense requires proof of a fact that the other does not.[91] But this test is only a rule of statutory construction, not a constitutional test in itself.[92]

In assessing the intent of a state legislature as to multiple punishments, a federal court is bound by the state court's construction of that state's own statutes.[93] Thus, "for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended multiple punishments, a federal habeas court must defer to that determination."[94]

Here, in a highly detailed and extensive analysis, which was explicitly based on the Constitutional protection against double jeopardy, as it was incorporated into Ohio law,[95] the Ohio appeals court considered opinions from multiple Ohio appellate courts in various appellate districts,[96] and then expressly found, contrary to Gilbert's arguments, that aggravated robbery and kidnapping are not allied offenses of similar import under Ohio

---

[91] *Blockberger v. United States*, 284 U.S. 299, 304 (1932).

[92] *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013)(citations omitted).

[93] *Banner v. Davis,* 886 F.2d 777, 780 (6th Cir. 1989).

[94] *Id.*; *see also*, *Galvan v. Prelesnik*, 588 Fed. App'x 398, 401 (6th Cir. 2014)(citations omitted).

[95] ECF # 11, Attachment at 293-94.

[96] *Id*. at 295.

law,[97] and further that complicity to attempted murder and complicity to felonious assault are likewise not allied offenses of similar import.[98]

Because the state court here has specifically concluded that the Ohio legislature intended multiple punishments for the challenged offenses in this case, this Court must defer to that decision and dismiss this portion of ground one as non-cognizable.

## Conclusion

I recommend that the State's motion to dismiss the *pro se* petition of Hattie Gilbert for a writ of habeas corpus under 28 U.S. § 2254 be granted, and that the petition be dismissed with prejudice.

Dated: April 21, 2016                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[99]

---

[97] *Id*. at 296-302.

[98] *Id*. at 302-304.

[99] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).